UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEVON CORNELIUS, | ) |
| PLAINTIFF, | ) |
| v. | ) NO. 3:15-cv-1414 |
| | ) JUDGE CRENSHAW |
| KIMC COOKEVILLE, LLC, d/b/a | ) |
| FORTIS INSTITUTE, and | ) |
| EDUCATION AFFILIATES, INC., | ) |
| DEFENDANTS. | ) |

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss. (Docket No. 11.) For the following reasons, the Court will **GRANT** Defendants' motion.

## I. Factual Allegations and Procedural History

Plaintiff, an African American male, alleges race discrimination, retaliation, and hostile work environment, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff alleges that Defendants, whom he alleges were his joint employers, terminated his employment on July 28, 2014. On August 17, 2014, he filed a charge of discrimination, claiming that his termination was the result of race discrimination. The Equal Employment Opportunity Commission ("EEOC") dismissed this charge on May 6, 2015, based on its inability to determine whether Defendants had violated the statute. (Docket No. 18-2.)

On September 5, 2014, Defendants rehired Plaintiff, which he alleges was followed by several instances of racial discrimination and retaliation, including being called racial epithets by his co-workers and finding a stuffed monkey hanging by a noose over his desk. On January 17, 2015,

Defendants accused Plaintiff of stealing equipment, accused him of theft, and terminated his employment. He filed a second charge of discrimination with the EEOC on July 30, 2015, alleging discrimination on the basis of his race and retaliation on the basis of his first EEOC charge and subsequent complaints of discrimination and harassment. (Docket No. 6-1.) His second EEOC charge identifies the dates the discrimination took place as September 1, 2014, through January 17, 2015. (Id.) The second charge of discrimination was filed with the EEOC 195 days after his termination on January 17, 2015. On November 10, 2015, the EEOC issued a notice of his right to sue, indicating that the EEOC was unlikely to be able to complete its administrative processing within 180 days from the filing of the charge and that it was terminating its processing of the charge. (Docket No. 6-2 at 1.)

## II.     Legal Standard

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

**III.     Legal Analysis**

It is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ("right-to-sue letter"). Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989) (citing 42 U.S.C. § 2000e-5(f)(1) and McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973)). A Title VII plaintiff must file a charge with the EEOC within 180 days after the occurrence of the alleged discriminatory employment practice, or within 300 days if the claimant has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1).

Defendants argue that this action must be dismissed because Plaintiff failed to timely submit his second charge with the EEOC. Plaintiff does not dispute that the applicable timeline for filing the EEOC charge was 180 days or that his second EEOC charge was filed 15 days late, but instead argues that the Court should use its equitable power to allow the case to proceed. (Docket No. 14 at 5.) The equitable factors Plaintiff urges the Court to consider are his initiation of his first EEOC action only 20 days after Defendants terminated his employment the first time and his pro se status when he filed his second EEOC charge. (Id. at 5-6.)

The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). However, the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be granted only sparingly." Amini v. Oberlin Coll., 259 F.3d 493, 500 (6th Cir. 2001). In determining whether the equitable tolling of the EEOC filing period is appropriate

in a given case, the Sixth Circuit considers the following five factors: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim." Id.

Plaintiff's timely filing of his first EEOC charge does not excuse his failure to file the second charge in a timely manner. Instead, it demonstrates that he was aware of the filing requirement and, without explanation, failed to diligently pursue his rights. Additionally, the Sixth Circuit has held that a plaintiff's pro se status when filing an EEOC charge is not cause to toll the statute of limitations. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000) ("This circuit has remarked that it is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."). The Court finds no basis for equitably tolling the statutory requirement to file timely a charge of discrimination with the EEOC.

Because Plaintiff failed to file his second EEOC charge within the time required by the statute, he has failed to satisfy a condition precedent to filing suit in federal court. Accordingly, the Court will grant Defendants' motion to dismiss.

**IV. Conclusion**

For the foregoing reasons, the Court will **GRANT** Defendants' Motion to Dismiss. (Docket No. 11.) An appropriate order shall issue.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE